ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 4:23-CR-320-P |
| v. | |
| MARK RUBIN | |

## PLEA AGREEMENT

Mark Rubin, the defendant, Lynette Byrd, the defendant's attorney, and the United

States of America (the government), agree as follows:

1.    **Rights of the defendant**:  The defendant understands that the defendant

has the following rights:

    a.    to indictment by a grand jury;

    b.    to plead not guilty;

    c.    to have a trial by jury;

    d.    to have the defendant's guilt proven beyond a reasonable doubt;

    e.    to confront and cross-examine witnesses and to call witnesses in the
defendant's defense; and

    f.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  The defendant waives these rights

and pleads guilty to the offense alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 371 that is, Conspiracy to Solicit and Receive Kickbacks, in

violation of 18 U.S.C. § 371, with the underlying substantive offense of Soliciting and

Plea Agreement – Page 1

Receiving Kickbacks, in violation of 1320a-7b(b)(1)(A) and 1320a-7b(b)(1)(B). The defendant understands the nature and elements of the crime to which the defendant is pleading guilty and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.    **Sentence**: The minimum and maximum penalties the Court can impose include:

a.    imprisonment for a period not to exceed 5 years;

b.    a fine not to exceed $250,000 or twice any pecuniary gain to the defendant or loss to the victim(s);

c.    a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

d.    a mandatory special assessment of $100;

e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

f.    costs of incarceration and supervision; and

g.    forfeiture of property.

4.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's

**Plea Agreement – Page 2**

consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.     **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.     **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the

Court. The defendant agrees to pay full restitution in this case, in the amount of $330,000.

7.      **Forfeiture of property**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Information, as well as any property seized or restrained by the government during the investigation underlying the Information. This specifically included the $330,000 that Rubin improperly received in this case. The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853(a). The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8.      **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will dismiss, after sentencing, any remaining charges in the pending Indictment or other already filed charging documents in this case. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor

does it prohibit any civil or administrative proceeding against the defendant or any property.

9. **Exclusion from the Medicare Program and Other Federal Healthcare Programs**: The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare and all Federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare.

10. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea

..tent.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.   **Waiver of right to appeal or otherwise challenge sentence**:  The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court.  The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.   **Representation of counsel**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's lawyer and is fully satisfied with that lawyer's legal representation.  The defendant has received from the defendant's lawyer explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement.  Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's lawyer, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**Plea Agreement – Page 6**

14.    **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understanding, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this ⅠⅠ day of AUGUST , 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

ALEX LEWIS
Branch Chief

P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
801 Cherry Street, 17th Floor
Fort Worth, Texas 76102
Telephone:  214-659-8680
Facsimile:  214-659-8812
Email: philip.meitl@usdoj.gov

MARK RUBIN
Defendant

LYNETTE BYRD
Attorney for Defendant

**Plea Agreement – Page 7**

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____  08/11/2023
MARK RUBIN         Date
Defendant

   I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____  8/11/2023
LYNETTE BYRD       Date
Defendant's Attorney

Plea Agreement – Page 8