# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 4:23-CR-320-Y(1) |
|  | P. J. Meitl, assistant U.S. attorney |
| MARK RUBIN (1) | Nick Oberheiden, attorney for the defendant |

On January 17, 2024, the defendant, Mark Rubin, entered a plea of guilty to count one of the one-count information. Accordingly, the defendant is adjudged guilty of such count, which involves the following offense:

| **TITLE & SECTION** | **NATURE OF OFFENSE** | **OFFENSE CONCLUDED** | **COUNT** |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Solicit and Receive Health-Care Kickbacks | May 31, 2020 | 1 |

The defendant is sentenced as provided in pages two through three of this judgment. The sentence is imposed under Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission under Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 for count one of the one-count information.

The defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed April 30, 2024.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Signed May 1, 2024.

# IMPRISONMENT

The defendant, Mark Rubin, is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 18 months on count one of the one-count information.

The Court recommends that the defendant be incarcerated at a Bureau of Prisons facility in Tucson, Arizona, if possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2 p.m. on June 3, 2024, as notified by the United States marshal or as notified by the probation office.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 2 years on count one of the one-count information.

The defendant, while on supervised release, shall comply with the standard conditions recommended by the U. S. Sentencing Commission at §5D1.3(c) of the United States Sentencing Commission Guidelines Manual, and shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the probation officer, as authorized by the Justice for All Act of 2004;

report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Federal Bureau of Prisons;

take notice that the mandatory drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of billing of Federal health care or the billing of private health care without the probation officer's approval;

provide to the probation officer complete access to all business and personal financial information;

pay a fine of $40,000.00 through the office of the U. S. District clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102. This amount is the total of the fine imposed on Count 1 of the one-count information. If, upon commencement of the term of supervised release, any part of the fine ordered by the judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $1,000.00 per month. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the fine is paid in full; and

make restitution in the amount of $143,715.00.  Restitution shall be paid to the U.S. District clerk, 501 West 10th Street, Room 310, Fort Worth, Texas 76102, for disbursement to Medicare, Humana, and Optum. If, upon commencement of the term of probation, any part of the restitution ordered by the judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $3,000.00 per month,

## FINE/RESTITUTION

The defendant is ordered to pay a fine of $40,000.00 through the Office of the District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673. This amount is the total of the fine imposed on Count 1 of the one-count information.  If, upon commencement of the term of supervised release, any part of the fine ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $1,000.00 per month. The first such payment shall be made no later than 60 days after the defendant's release from confinement and another payment shall be made on the same day of each month thereafter until the fine is paid in full.

The defendant is ordered to make restitution in the amount of $143,715.00. Restitution shall be paid to the U. S. District clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

CMS
Division of Accounting Operations
P.O. Box 7520
Baltimore, MD 21207-0520
$47,138.52
Re: RK Clinical Solutions

Humana, Inc.
500 West Main Street
Louisville, KY 40202
$862.96
Re: RK Clinic Solutions

Optum
11000 Optum Circle
Eden Prairie, MN 55344
$95,713.52
Re: RK Clinic Solutions

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $3,000.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

This payment schedule does not affect the enforceability of the restitution order and the continuing obligation of Mark Rubin to pay restitution in full as soon as possible. Nothing in this order shall be construed to limit the ability of the U.S. Attorney's Office to fulfill its statutory obligation to enforce restitution under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., or under any other statutory provision, during supervision or after release.

However, no restitution shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

No fine shall be payable during incarceration from funds deposited into the defendant's inmate trust account or paid to the defendant for work performed during incarceration.

Judgment in a Criminal Case  
Defendant: Mark Rubin  
Case Number: 4:23-CR-320-Y(1)                                                                 Judgment -- Page **4** of **4**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
United States marshal

BY _____  
                           deputy marshal